Kamran Fattahi (SBN 150343)
Kamran@FattahiLaw.com
LAW OFFICES OF KAMRAN FATTAHI
(a professional corporation)
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA 91403
Tel: 818-205-0140
Fax: 818-205-0145

Attorneys for Plaintiff,
Dr Kellyann LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR KELLYANN LLC, | Case No. 2:23-cv-01806 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| BLUEBIRD PROVISIONS INC.; CONNOR MEAKIN; and DOES 1-10, inclusive, | **(1) FALSE OR MISLEADING ADVERTISING (15 U.S.C. § 1125(a)** |
| Defendants. | **(2) FALSE OR MISLEADING ADVERTISING [Cal. Bus. & Prof. Code § 17500 *et seq.*]** |
| | **(3) UNFAIR COMPETITION and UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200 *et seq.*]** |
| | **(4) COMMON LAW UNFAIR COMPETITION [Cal. Common Law]** |
| | **(5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE [Cal. Common Law]** |

For its Complaint, Plaintiff, Dr Kellyann LLC ("DKA"), alleges as follows:

## Jurisdiction and Venue

1. This civil action arises under the United States Trademark Act, 15 U.S.C. §1051 *et seq.* ("Lanham Act") and under the statutory and common laws of the State of California for false or misleading advertising and unfair competition, unfair business practices, and other related claims.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1331 (federal question) and 28 U.S.C. § 1338 (trademarks) in that it involves an action arising under the Lanham Act. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Personal jurisdiction over the Defendants in the State of California is proper because their unlawful conduct and acts complained of causes injury in California and in this judicial district; Defendants have directed their activities at Plaintiff, an entity residing and doing business in California and in this judicial district; on information and belief, Defendants conduct business in California by promoting, advertising, marketing, selling, and shipping their goods and services to the public and to customers in California, and by otherwise transacting business in California.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391, including 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the events giving rise to the claims hereunder occurred in the State of California, including in this judicial district; Plaintiff has its place of business in Newark, California, has a business address and employees in this judicial district, and advertises and sells its goods and services under its marks in California and in this judicial district; on information and belief, Defendants conduct business in the State of California, including in this judicial district, by advertising, selling, an shipping goods under their marks to customers therein, and are subject to jurisdiction.

**The Parties**

5.      Plaintiff, Dr Kellyann LLC ("DKA"), is a limited liability company organized under the laws of the State of Delaware with a place of business at 39773 Seal Drive, Newark, California 94560. DKA also has a place of business and address for sales and support purposes at 4470 W. Sunset Blvd., Suite 107 PMB 95140, Los Angeles, CA 90027.  Additionally, DKA has employees located in Los Angeles and conducts business in this judicial district.

6.      On information and belief, Defendant Bluebird Provisions Inc. ("Bluebird") is a corporation organized under the laws of British Columbia, Canada, with registered business address at 206-189 National Avenue, Vancouver, British Columbia V6A4L8, Canada and a place of business at Black Lane, 1735 W. 4th Avenue W, Vancouver, BC V6J1M2, Canada, and at all relevant times has been and is doing business in this judicial district by virtue of being engaged in advertising, marketing, sales and shipping of its goods to customers in California and in this judicial district.

7.      On information and belief, Defendant Connor Meakin ("Meakin"), an individual, having an address at Black Lane, 1735 W. 4th Avenue W, Vancouver, BC V6J1M2, Canada, was and is the founder and an owner of Bluebird, and at all times relevant to the conduct of Bluebird in this action, he has been and still owns, operates, directs, manages, and is in charge and control of Bluebird's overall business, including the business conducted through a website at www.bluebirdprovisions.co that promotes, advertises, markets, and sells Bluebird's products.

8.      On information and belief, at all times relevant to the conduct of the Defendants in this action there existed a unity of interest and ownership between Bluebird, on the one hand, and the individual defendants, on the other hand, such that an individuality or separateness between them does not exist. The individual defendants were and are the alter egos of Bluebird, and at all time mentioned herein, Bluebird has been the mere shell, instrumentality, and conduit through which the individual defendants have conducted business and activities, exercising complete control over

Bluebird to the extent that any individuality or separateness of Bluebird does not exist.

9.     The true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, and they are listed by such fictitious names. Plaintiff will amend this Complaint to include their proper names and capacities when ascertained. On information and belief, each of the fictitiously named defendants participated in some manner or is responsible or liable for the acts and omissions described in this Complaint and the damages resulting therefrom.

10.     On information and belief, each defendant is the agent of each other defendant, and each defendant is in active concert with each other defendant with respect to the matters relevant to the acts and omissions complained of herein.

## GENERAL ALLEGATIONS

### Plaintiff's Business and "DR. KELLYANN" Branded Bone Broth Products

11.     DKA is engaged in manufacturing, marketing, and selling dietary and nutritional supplements in the U.S., including in the State of California and this judicial district.

12.     Since at least as early as December 2014 and continuing to the present, DKA (including through its predecessor(s)-in-interest) has been using the **DR. KELLYANN** and **DKA** trademarks and service marks to promote and advertise publications and dissemination of information in the field of nutrition, health, and wellness marketing.

13.     Since quite a number of years ago and continuing to the present, DKA (including through its predecessor(s)-in-interest) has been engaged in manufacturing, advertising, and sales of dietary and nutritional supplements under the house marks **DR. KELLYANN** and **DKA**, which products include bone broth supplements that are intended to help support digestive health, gut health, skin microbiomes, and the health and appearance of one's skin.  The **DR. KELLYANN** and **DKA** branded bone broth supplements are sold in instant powder, frozen liquid, and ready-to-serve liquid forms.

14.     DKA markets and sells its **DR. KELLYANN** and **DKA** branded bone broths in instant powder and frozen liquid forms through direct online sales to consumers via its website www.drkellyann.com ("DKA Website"), and sells its ready-to-serve liquid bone broths through online and brick-and-mortar retail outlets such as Amazon, Whole Foods Markets, and Sprouts.

15.     Attached as **Exhibit 1** are true and correct copies of pages from the DKA Website with exemplars and photographs of the packaging and advertisements for these bone broth dietary supplements. A representative example of the packaging of **DR. KELLYANN** branded bone broth supplement in powder form as it appears on the DKA Website is shown here below.



DR. KELLYANN's Product

16.     DKA is the owner of the "DR. KELLYANN" mark which is federally registered under U.S. Registration No. 5,074,147 issued November 1, 2016 by the United States Patent and Trademark Office (PTO). The "DKA" mark is the subject of pending federal Application Serial No. 88/439,864 filed May 21, 2019, which has already been published and received a Notice of Allowance by the PTO.

17.     Attached hereto as **Exhibit 2** are true and correct copies of the following: certificate of registration for the DR. KELLYANN mark and of the PTO's TESS

summary record for the same; and the PTO's TESS summary record of the application for the DKA mark.

18.    Dr. Kellyann Petrucci, M.S., N.D., is a licensed and board-certified naturopathic physician and certified nutritional consultant who is a prominent and nationally recognized gut-health, nutrition, and weight loss expert, author, TV personality, and the author of several books, including the New York Times bestselling book "Dr. Kellyann's Bone Broth Diet."   Dr. Kellyann has appeared on numerous occasions on television shows and programs and in magazine articles.  Dr. Kellyann is the Chief Wellness Officer for DKA and is prominently featured as a spokesperson for the DR. KELLYANN and DKA branded bone broth products and supplements in the marketing and advertising thereof. [See Ex. 1]

19.    The DR. KELLYANN and DKA marks have become well known for high-quality dietary and nutritional supplements that enjoy substantial goodwill and great reputation, and they are recognized by the consuming public as source identifiers for dietary and nutritional supplements, including bone broth products, that are marketed and sold under those house marks.

**Defendants' Business and "BLUEBIRD PROVISIONS" Bone Broths**

20.    On information and belief, defendant Bluebird is headquartered in Vancouver, Canada.

21.    On information and belief, Bluebird is engaged in manufacturing, marketing, and selling bone broth dietary supplements under the "**BLUEBIRD PROVISIONS**" mark and brand that are available in two forms – pouches of frozen organic bone broth and packets of instant powder bone broth.

22.    On information and belief, Bluebird advertises and sells its BLUEBIRD PROVISIONS branded bone broth products in both frozen and powder forms throughout Canada via the interactive website at www.bluebirdprovisions.co ("Bluebird Website"), at numerous retail stores in Canada, and through online retailers, including Amazon.

23.     Attached hereto as **Exhibit 3** are true and correct copies of pages from the Bluebird Website with exemplars and photographs of the packaging and advertisements for Bluebird's products marketed and sold under the BLUEBIRD PROVISIONS mark. Representative examples of the packaging of the BLUEBIRD PROVISIONS branded products as they appear on the Bluebird Website are shown here below.

 

"Bluebird Provisions" Products

24.     On information and belief, Bluebird also utilizes the interactive Bluebird Website to directly advertise, promote, and sell its BLUEBIRD PROVISIONS branded bone broths in powder form to customers in the United States, including in California and in this judicial district.

25.     On information and belief, Bluebird has accepted and does accept direct orders for BLUEBIRD PROVISIONS branded bone broth in powder form from customers located in the United States - including customers located in the State of California, in the greater Los Angeles area and elsewhere in this judicial district - who can access and visit the interactive Bluebird Website to communicate with Bluebird and to place direct orders for and receive shipments of such products.

26.     On information and belief, Bluebird has sold and shipped its BLUEBIRD PROVISIONS branded bone broth products in powder form to customers located in the

1 | State of California, including in the greater Los Angeles area and elsewhere in this
2 | judicial district.

3 |     27.    On information and belief, BLUEBIRD PROVISIONS branded bone broth
4 | in powder are also advertised and sold through one or more online retailers, including
5 | Amazon, to customers located in the United States - including customers located in the
6 | State of California, in the greater Los Angeles area and elsewhere in this judicial district

7 |     28.    On information and belief, Bluebird is identified as the owner of Canadian
8 | Registration No. TMA1106158 for the BLUEBIRD PROVISIONS mark – issued
9 | August 5, 2021, which includes goods listed as "broth" (in International Class 29) with
10 | a claimed date of first use of April 2018, as well as "bone broth, coffee creamers, and
11 | organ meats" (in Int'l Class 29) and "herbal and dietary food supplements for general
12 | health and well-being and support of the immune system" (in Int'l Class 5).

13 |     29.    On information and belief, Bluebird has not registered or filed an
14 | application to register the BLUEBIRD PROVISIONS mark anywhere in the United
15 | States.

16 | **Defendants' Unlawful Conduct**

17 |     30.    On information and belief, the Bluebird Website contains information that
18 | advertises and promotes BLUEBIRD PROVISIONS branded bone broth products.

19 |     31.    On information and belief, the Bluebird Website also contains pages
20 | wherein information about DKA's DR. KELLYANN branded bone broth products are
21 | provided as part of reviews of those products ("Bluebird Reviews").

22 |     32.    A true and correct copy of pages from the Bluebird Website relating to and
23 | showing the Bluebird Reviews are attached hereto as **Exhibits 4 and 5** (**Exhibit 4** is
24 | entitled "How do we stack up against bone broth powders?" and appears online at
25 | https://bluebirdprovisions.co/pages/us-vs-them ; and **Exhibit 5** is entitled "DR
26 | KELLYANN BONE BROTH REVIEWS" and appears online at
27 | https://bluebirdprovisions.co/blogs/reviews/dr-kellyann-bone-broth-reviews ).

28 |

33.     Bluebird Reviews purport to be "trustworthy" and "honest" reviews of DR. KELLYANN branded bone broths and are designed to impart the impression that they contain genuine, unbiased, and independent reviews of DR. KELLYANN bone broths. In reality, however, Bluebird Reviews are anything but trustworthy, honest, unbiased, independent, truthful, or factually correct.

34.     In a purported attempt to appear factual and unbiased, while Bluebird Reviews include some basic information about bone broths generally and about the DR. KELLYANN bone broths, the reviews contain negative, false, disparaging, false, and defamatory statements about DKA and DKA's bone broths.

35.     Bluebird Reviews compare DKA's bone broths with Bluebird's own bone broths and encourage readers to order and purchase the BLUEBIRD PROVISIONS branded bone broths with the means provided to click on electronic buttons that take the reader to pages on the Bluebird Website for ordering Bluebird's own products.

36.     **Exhibit 4** of Bluebird Reviews - entitled "How do we stack up against bone broth powders?" - contains statements and a chart to compare Bluebird's own both broths against other powdered bone broths, including DKA's powdered bone broth which is listed in the chart, and the following are exemplars of statements and information presented therein:

(a)     "There's nothing quite like a delicious and nourishing slowly simmered bone broth.  All of the big brands have taken shortcuts.  They've cut corners in favour of short cook times and swapped out natural ingredients for MSG flavors and nasty preservatives.  Here's to getting back to real bone broth."

(b)     In a chart or table with the heading "BLUEBIRD VS OTHER POWDERS," the amount of sodium for the Dr. Kellyann bone broth powder is listed as 225 mg (based on a 13 g serving size of bone broth powder).

(c)     In the same chart or table, under a column with the heading "No gums, sweeteners & fillers," while a checkmark is shown for Bluebird's bone broth, an "X" is displayed for the Dr. Kellyann bone broth powder, implying that the Dr. Kellyann bone

broth powder does contain gums, sweeteners, and fillers.

37.     The above-mentioned statements in the Exhibit 4 of Bluebird Reviews are false, misleading, disparaging, and defamatory towards DKA as DKA's bone broths.

38.     DKA does not "take short cuts" or "cut corners in favor of short cook times," and DKA bone broth powders are made by a slow-simmering process that lasts many hours. Also, DKA's bone broth powders do not contain "MSG flavors" or "nasty preservatives." In addition, the amount of sodium in a 13-gram serving size of DKA's bone broth powder is approximately 158 grams, not 225 grams. Furthermore, DKA's bone broth powders do not contain gum, sweeteners, or fillers.

39.     As part of its lengthy blog article entitled "DR KELLYANN BONE BROTH REVIEWS" (see attached **Exhibit 5**), Bluebird makes numerous baseless, negative, disparaging, and false statements about and characterizations of DKA's bone broths, examples of which are as follows:

(a)     "Dr Kellyann Bone Broth Reviews, *Strange Ingredients*, Natural Flavors and *More Fillers*." [Ex. 5, p. 1; first heading; italics added]

(b)     "*Trustworthy* Dr Kellyann Bone Broth Reviews" and "Here is an *honest* Dr Kellyann Bone Broth review article." [Ex. 5, p. 1; second heading and following paragraph; italics added]

(c)     "They make *outlandish* transformation claims and easy weight loss results that *make me uncomfortable*." [Ex. 5, p. 1; italics added]

(d)     *"Are their products safe for you?"* [Ex. 5, p. 1; italics added]

(e)     *"These brands cut corners by using cheap fillers (natural flavors) and are manufactured in massive supplement facilities."* [Ex. 5, p. 2; italics added]

(f)     "From a nutrient standpoint, Dr. Kellyann has lots of amino acids. *However, there are some carbohydrates [in] all of the frozen ones. This may be an issue if you are in ketosis, avoiding high carb foods or on a keto diet program."* [Ex. 5, pp. 5-6; italics added]

(g)     *"The key ingredients that you need to be concerned with in Dr Kellyann's*

1 | *bone broth are natural flavors, collagen and salt."* [Ex. 5, p. 6; italics added]

2 |      (h)    In a chart that compares various aspects of Bluebird's powdered bone

3 | broths with other powdered bone broth brands (with Dr. Kellyann specifically listed in

4 | the last row), in the column for "Sodium (mg) per Serving (13g)," it lists "1" gram of

5 | carbs for DKA's bone broth. In the same chart, under the column for "Electrolytes," it

6 | lists "No" for DKA's bone broth. Under the column "Free of Gums & Additives," it

7 | lists "No (salt, collagen)" for DKA's bone broth. [Ex. 5, p. 6; italics added] Bluebird's

8 | referenced statements and information are false as DKA's bone broth powder has close

9 | to zero grams of carbohydrates per 13-gram serving, it does include electrolytes in the

10 | form of Potassium, and it is free of gums and additives.

11 |      (i)    *"Dangerous Ingredients to be Aware of:"* [Ex. 5, p. 7; title of a heading;

12 | italics added]

13 |      (j)    Under the heading "Natural Flavors," referring to "Natural Flavors"

14 | identified on the ingredient's list for DKA's bone broth, Bluebird states: *"It warrants a*

15 | *whole article, but they are typically a yeast derived taste enhancer."* [Ex. 5, p. 7; italics

16 | added] Bluebird's referenced statement is false as DKA does not use yeast as a natural

17 | flavor ingredient of its bone broths.

18 |      (k)    Under the heading of "Grass Fed Bovine Collagen," Bluebird states:

19 | "*Collagen sourcing is truly the wild west . . .* Why? It is now a commodity, and it's

20 | difficult to assess without knowing the sourcing." [Ex. 5, p. 7; italics added]

21 |      (l)    Under the heading of "Salt," Bluebird states: "This is usually to make it

22 | taste better. It is interesting to note that they use regular in the powder, but sea in the

23 | frozen one. *The problem is that too much sodium is awful for your blood pressure.*"

24 | [Ex. 5, p. 8; italics added] Bluebird falsely asserts or implies that DKA's bone broths

25 | have too much sodium.

26 |      (m)    Under the heading of "What do customers say about Dr. Kellyann's bone

27 | broth?," Bluebird states: *"They get lots of positive reviews on their website, but website*

28 | *reviews are notoriously cherry picked and unreliable. We must look to third party*

*websites or online marketplace stores to see what customers really think. Here are a few recent Amazon reviews:"* [Ex. 5, p. 8; italics added]  Bluebird then hand selects and cherry picks some five customer reviews it purportedly obtained and copied from Amazon about Dr. Kellyann's bone broth, four of which show one-star ratings along with negative-sounding comments from customer reviewers.  [Ex. 5, pp. 9-10]  This is despite the fact that there are over 4,500 customer reviews on Amazon for Dr. Kellyann's bone broth, which have garnered an overall average review rating of nearly 4 out of 5 stars, with the great majority of the reviews being very positive.

(n)     Moreover, with respect to the purported five Amazon reviews which Bluebird has selected and included in its review article about DKA's bone broths, Bluebird has added its own negative, false, and deceptive commentary about DKA's bone broths in relation to those customer reviews. Some examples of Bluebird's commentary are the following: (i) "This customer was not happy about the price deception and the flavor was bland and lacked some punch." [Ex. 5, p. 9; italics added]; and (ii) *"Finally, this reviewer had diarrhea problems for 4 days after consuming it. This is likely because of the natural flavors and preservatives used to flavor this product."* [Ex. 5, p. 9; italics added]; (iii) Bluebird's own commentary using language such as "price deception" to refer to DKA's bone broth, as well as offering unqualified medical diagnosis about the cause of a customer's diarrhea problems, further show that Bluebird is engaged in disseminating disparaging, false, and misleading statements about DKA and DKA's bone broth products.

(o)     Bluebird also offers its own conjecture to further bad mouth and disparage DKA's bone broth by stating: *"Since original publishing, I want to share more recent reviews below. It seems like maybe the formula changed (my guess), which is causing a lot of negative customer experiences and doubt."* [See Ex. 5, p. 9; italics added]

(p)     In comparing DR. KELLYANN powder bone broths to other brands, and specifically to Bluebird's bone broths, under the heading of "Doctor Kellyann Ingredients," Bluebird disparages DKA's bone broths when it states: *"Now let's look*

1  *here. Lot's of strange things right?"* [Ex. 5, p. 12; italics added]

2      (q)    Similarly, Bluebird discusses DR. KELLYANN bone broths when it uses

3  the heading *"Is Dr Kellyann Bone Broth Safe?"* and then states "While Dr. Kellyann

4  does a decent job, *there are confusing ingredients that you don't typically see in healing*

5  *bone broths.*" [Ex. 5, p. 14; italics added]

6      40.    Throughout its so-called review article and blog about DR. KELLYANN

7  bone broths, Bluebird actively and repeatedly encourages readers to look at BLUEBIRD

8  PROVISIONS branded bone broths as an alternative to DKA's products, and several

9  times the article includes direct links to the Bluebird Website where its products can be

10  ordered and purchased. [Ex. 5]

11      41.    On information and belief, defendant Connor Meakin, directs, manages,

12  and is actively in charge and in control of, and responsible for Bluebird's business and

13  the contents of the Bluebird Website, including the preparation, writing, and

14  dissemination of Bluebird Reviews at issue in this action. [Ex. 5, pp. 15; see reader

15  comments responded to by "Connor at Bluebird Provisions"]

16      42.    The above-mentioned statements in the Exhibit 5 of Bluebird Reviews are

17  false, misleading, disparaging, and defamatory towards DKA as DKA's bone broths.

18      43.    Bluebird Reviews referenced above in Exhibits 4 and 5 do not cite to any

19  study, analysis, or evidence to establish the truthfulness and accuracy of Bluebird's

20  statements which implicate DKA's bone broths.

21      44.    On information and belief, Bluebird has not conducted, does not possess,

22  and cannot identify any study or evidence to establish the truthfulness and accuracy of

23  Bluebird's statements in Exhibits 4 and 5 which implicate DKA's bone broths.

24      45.    The Bluebird Website and Bluebird Reviews contain multiple statements

25  and information about DKA and DR. KELLYANN branded bone broths that are either

26  literally false, implicitly false, misleading, disparaging or defamatory, and Bluebird's

27  public dissemination of such statements are made to unfairly compete and unfairly take

28  business away from DKA - a direct competitor of Bluebird - and to divert business and

sales to Bluebird.

46. On information and belief, Bluebird has engaged and continues to engage in its improper and unlawful conduct with respect to Bluebird Reviews knowingly, willfully, intentionally, or with reckless disregard for the rights of DKA.

47. DKA has previously requested that Bluebird cease its improper conduct in disseminating false, misleading, and disparaging statements about DKA and DKA's bone broth products. Bluebird has not complied with DKA's request and has continued with public dissemination of Bluebird Reviews.

48. On information and belief, as a result of Bluebird's so-called review articles and blogs that disparage and make false or misleading statements about DKA's bone broths, consumers have turned away from purchasing DKA's bone broths and/or have purchased Bluebird's bone broths in place of DKA's bone broths. As an example, as shown in Bluebird Reviews, one customer commented as follows: "I was about to order Dr Kellyann's bone broth when I found your article. I've changed my mind. I'm probably going Bluebird now! Thanks for comparing!" [Ex. 5, p. 17; comment by Jana on October 24, 2022]

49. On information and belief, Bluebird Reviews and Bluebird's improper acts have driven internet traffic, sales, and revenues aways from DKA, because actual and potential customers are likely to believe the disparaging, false, and misleading statements that are contained in those reviews about DKA and DKA's products, and/or after they are improperly directed to the Bluebird Website, they simply would not return to the DKA Website or other places where DKA's bone broth products are sold.

50. On information and belief, Bluebird Reviews and Bluebird's improper acts in spreading disparaging, false, and misleading statements and information about DKA and DKA's products have caused and resulted in lost customers and lost sales to DKA, have injured DKA's business reputation and goodwill, and have resulted in improper and substantial financial gains and unjust enrichment of Bluebird.

# FIRST CAUSE OF ACTION

## (False or Misleading Advertising; 15 U.S.C. § 1125(a))

## (Against All Defendants)

51.     Plaintiff incorporates by reference the allegations in paragraphs 1-50.

52.     Defendants have created and are publicly disseminating information that is designed to mislead the public and divert potential and actual customers from DKA to Bluebird through so-called review articles and blogs (i.e., Bluebird Reviews) that are accessible online and on the Bluebird Website and advertising, which purport to be "trustworthy" and "honest" reviews of DKA's DR. KELLYANN branded products, but in reality, they are designed to disparage and damage DKA and the DR. KELLYANN mark/brand as a direct competitor, take away sales from DKA, and instead promote and sell Bluebird's own products.

53.     Toward achieving those goals, Bluebird Reviews contain multiple statements and information about DKA and DR. KELLYANN branded products that are literally false, or if not literally false, are misrepresentations regarding the nature, characteristics, or qualities of the products offered by DKA under the DR. KELLYANN and DKA brands.

54.     Defendants have made these false and misleading statements about DKA and DR. KELLYANN branded products in the course of or in connection with advertising their own products.

55.     Defendants' statements about DKA and DR. KELLYANN branded products have or are likely to mislead, deceive, or confuse consumers.

56.     Defendants' statements about DKA and DR. KELLYANN branded products are likely to influence the purchasing decision of customers.

57.     Defendants' conduct complained of herein constitutes false or misleading advertising in violation of DKA's rights under the Lanham Act, 15 U.S.C. § 1125(a).

58.     DKA has been and continues to be damaged and injured by Defendants' unlawful conduct, and Defendants have profited from their unlawful acts, in amounts to

1  be determined. Accordingly, DKA is entitled to monetary relief.

2      59.    DKA has no adequate remedy at law and has and will continue to suffer

3  irreparable injury resulting from Defendants' illegal acts unless they are enjoined.

4      60.    DKA is entitled to injunctive relief, monetary relief, Defendants' profits,

5  damages sustained by DKA, enhanced damages, costs and attorneys' fees, and other

6  remedies available under the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1118.

7      61.    This is an exceptional case involving knowing, willful, and deliberate

8  conduct by Defendants, or conduct with reckless disregard for the rights of DKA.

9  Plaintiff is entitled to recover treble damages, treble profits, and attorney's fees under 15

10  U.S.C. §§ 1117(a).

11                    **SECOND CAUSE OF ACTION**

12  **(False Or Misleading Advertising; Cal. Bus. & Prof. Code § 117500 *et seq.*)**

13                      **(Against All Defendants)**

14      62.    Plaintiff incorporates by reference the allegations in paragraphs 1-61.

15      63.    As part of Defendants' acts described herein, Defendants have publicly

16  disseminated information and advertising, including but not limited to Bluebird

17  Reviews, which contain multiple statements and information about DKA and DR.

18  KELLYANN branded products that are literally false, or if not literally false, are

19  deceptive or misleading advertising and misrepresentations regarding the products

20  offered by DKA under the DR. KELLYANN and DKA brands.

21      64.    Defendants have publicly disseminated disparaging, false, or misleading

22  statements about DKA and DR. KELLYANN branded products to divert customers

23  away from DKA and instead to encourage them to order and purchase Defendants'

24  Bluebird branded products.

25      65.    Defendants knew or should have known that their statements about DKA

26  and DR. KELLYANN branded products were false or misleading.

27      66.    Defendants' acts constitute unfair competition, and deceptive or false or

28  misleading advertising in violation of California Business & Professions Code § 17500

*et seq.*

67.    DKA has been and continues to be damaged and injured by Defendants' unlawful conduct, and Defendants have profited from their unlawful acts, in amounts to be determined. Accordingly, DKA is entitled to monetary relief.

68.    DKA has no adequate remedy at law and has and will continue to suffer irreparable injury resulting from Defendants' illegal acts unless they are enjoined.

69.    DKA is entitled to injunctive relief, restitution and disgorgement of Defendant's illegally obtained profits, and other remedies available under California Business & Professions Code § 17500 *et seq.*

## THIRD CAUSE OF ACTION

**(California Unfair Competition and Unfair Business Practices;**

**Cal. Bus. & Prof. Code § 117200 *et seq.*)**

**(Against All Defendants)**

70.    Plaintiff incorporates by reference the allegations in paragraphs 1-69.

71.    As part of Defendants' acts described herein, Defendants have publicly disseminated information and advertising, including but not limited to Bluebird's Reviews, which contain multiple statements and information about DKA and DR. KELLYANN branded products that are literally false, or if not literally false, are deceptive or misleading advertising and misrepresentations regarding the products offered by DKA under the DR. KELLYANN and DKA brands.

72.    Defendants have publicly disseminated disparaging, false, or misleading statements about DKA and DR. KELLYANN branded products to divert customers away from DKA and instead to encourage them to order and purchase Defendants' Bluebird branded products.

73.    Defendants acts constitute unfair competition, unfair business practices, and deceptive or untrue or misleading advertising in violation of California Business & Professions Code § 17200 *et seq.*

1    74.    DKA has been and continues to be damaged and injured by Defendants'

2 unlawful conduct, and Defendants have profited from their unlawful acts, in amounts to

3 be determined. Accordingly, DKA is entitled to monetary relief.

4    75.    DKA has no adequate remedy at law and has and will continue to suffer

5 irreparable injury resulting from Defendants' illegal acts unless they are enjoined.

6    76.    DKA is entitled to injunctive relief, restitution and disgorgement of

7 Defendant's illegally obtained profits, and other remedies available under California

8 Business & Professions Code § 17200 *et seq.*

9
### FOURTH CAUSE OF ACTION

10
### (California Common Law Unfair Competition)

11
### (Against All Defendants)

12    77.    Plaintiff incorporates by reference the allegations in paragraphs 1-76.

13    78.    As part of Defendants' acts described herein, Defendants have publicly

14 disseminated information and advertising, including but not limited to Bluebird

15 Reviews, which contain multiple statements and information about DKA and DR.

16 KELLYANN branded products that are literally false, or if not literally false, are

17 deceptive or misleading advertising and misrepresentations regarding the products

18 offered by DKA under the DR. KELLYANN and DKA brands.

19    79.    Defendants have publicly disseminated disparaging, false, or misleading

20 statements about DKA and DR. KELLYANN branded products to divert customers

21 away from DKA and instead to encourage them to order and purchase Defendants'

22 Bluebird branded products.

23    80.    Defendants knew or should have known that their statements about DKA

24 and DR. KELLYANN branded products were false or misleading.

25    81.    Defendants' acts constitute unfair competition and false or misleading

26 advertising in violation of DKA's rights under California common law.

27    82.    DKA has been and continues to be damaged and injured by Defendants'

28 unlawful conduct, and Defendants have profited from their unlawful acts, in amounts to

1  be determined. Accordingly, DKA is entitled to monetary relief.

2      83.    DKA has no adequate remedy at law and has and will continue to suffer

3  irreparable injury resulting from Defendants' illegal acts unless they are enjoined.

4      84.    DKA is entitled to injunctive relief, infringer's profits, restitution, damages

5  sustained by Plaintiff, enhanced damages, costs and attorneys' fees, and other remedies

6  available under common law of unfair competition and trade practices and under

7  California law, including exemplary damages under California Civil Code § 3294.

8  **FIFTH CAUSE OF ACTION**

9  **(Intentional Interference With Prospective Economic Advantage;**

10  **California Common Law)**

11  **(Against All Defendants)**

12      85.    Plaintiff incorporates by reference the allegations in paragraphs 1-84.

13      86.    DKA has a reasonable probability of a prospective economic relationship

14  with future customers seeking to purchase its DR. KELLYANN branded products, and a

15  reasonable probability of a continuing economic relationship with its existing

16  customers.

17      87.    Defendants knew of prospective and ongoing relationships between DKA

18  and its customers and intended to disrupt such relationships.

19      88.    Through the publication and public dissemination of Bluebird Reviews and

20  advertising, Defendants intentionally, wrongfully, and proximately caused disruptions in

21  these prospective and ongoing business relationships.

22      89.    Defendants' intentional wrongful actions have disrupted DKA's

23  relationships with its existing customers and caused or were a substantial factor in

24  causing DKA to lose prospective customers, in an amount to be proven at trial, and

25  DKA has suffered harm to its reputation and goodwill, in an amount to be determined at

26  trial.

27      90.    DKA has no adequate remedy at law and has and will continue to suffer

28  irreparable injury resulting from Defendants' illegal acts unless they are enjoined.

91.     Defendants' acts described above were performed willfully, with oppression, malice, and/or fraud. DKA is entitled to punitive and exemplary damages under California law, including under California Civil Code § 3294.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Dr Kellyann LLC, prays for and requests:

I.     That defendants Bluebird Provisions Inc. ("Bluebird") and Connor Meakin ("Meakin") (collectively "Defendants"), and other named defendants, their owners, officers, agents, servants, employees, representatives, related entities, successors, and assigns, and all persons or entities in active concert and participation therewith, be preliminarily and permanently enjoined from or directed to:

(a)     Directed to remove and take all necessary actions to ensure the removal of any documents, reviews, articles, blogs, communications, or advertising that any one of them has generated, contributed to, or been associated with, from any and all websites or published materials, and from other publications that are owned, managed, or controlled by any of the Defendants or by anyone associated with the Defendants, which refer to DKA, Dr. Kellyann, or DR. KELLYANN branded goods or services.

(b)     Permanently enjoined from engaging in any unfair competition, unfair business practices, or unlawful activity, including but not limited to publishing, disseminating, or distributing any statements or information on any and all websites or published materials, and from other publications that are owned, managed, or controlled by any of the Defendants or by anyone associated with the Defendants, which refer to or concerns DKA, Dr. Kellyann, or DR. KELLYANN branded goods or services.

(c)     Permanently enjoined from otherwise engaging in acts of unfair competition, misrepresentation, or false advertising against Plaintiff.

II.     For awards of the following in favor of Plaintiff:

(a)     Restitution and disgorgement of Defendants' wrongfully obtained profits.

(b)     Damages sustained by Plaintiff.

(c)     An increase of all damages and wrongful profits awards against Defendants

1  and other named defendants up to three times the amounts assessed.

2        (d)    Exemplary and punitive damages against Defendants and other named

3  defendants pursuant to the common law and California law, including California Civil

4  Code §3294.

5        (e)    Plaintiff's attorney's fees and costs incurred in this action.

6  III.    All other relief as the Court deems just and proper.

7

8  Dated:  March 10, 2023              /s/Kamran Fattahi
                                       Kamran Fattahi, Esq.
9                                      LAW OFFICES OF KAMRAN FATTAHI
10                                     Attorneys for Plaintiff, Dr Kellyann LLC

Law Offices of
Kamran Fattahi